IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ODIS JONES, JR. §
§
    Petitioner, §
§
VS. §
§ NO. 3-08-CV-0647-P
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
§
    Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Odis Jones, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of sexual assault of a child. Punishment, enhanced by two prior felony convictions, was assessed by the trial court at 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Jones v. State*, No. 05-06-01252-CR, 2007 WL 1618320 (Tex. App.--Dallas, Jun. 6, 2007, no pet.). Petitioner also filed two applications for state post-conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Jones*, WR-35,812-03 (Tex. Crim. App. Oct. 3, 2007). The second application was denied without written order. *Ex parte Jones*, WR-35,812-04 (Tex. Crim. App. Feb. 20, 2008). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) the prosecutor was unfit to act as a court official, coached the victim to give false testimony, and withheld evidence favorable to the defense; (3) his conviction was the result of an illegal confession obtained in violation of his Fifth Amendment privilege against self-incrimination; and (4) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-23, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523;

*see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

As a preliminary matter, respondent contends that certain claims are barred from federal habeas review because they either were not presented to the Texas Court of Criminal Appeals or were not presented in a procedurally correct manner.

1.

A prisoner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive habeas petition if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

Two claims asserted by petitioner--the prosecutor was unfit to act as a court official and coached the victim to give false testimony--were never raised on direct appeal or state collateral review. Instead, petitioner raises those claims for the first time in his federal writ. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07, § 4. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998). Although petitioner challenged the sufficiency of the evidence on direct appeal, he did not file a petition for discretionary review. Consequently, that claim is also procedurally barred. *See Harris v. Director, TDCJ-CID*,

No. 6-06-CV-490, 2008 WL 4415242 at *4 (E.D. Tex. Sept. 24, 2008), citing *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (unless habeas petitioner challenges the sufficiency of the evidence in a petition for discretionary review, the claim is unexhausted).

C.

Petitioner contends that the prosecutor failed to disclose evidence that would have shown he did not sexually assault the victim and that DNA testing would have established his innocence beyond a reasonable doubt. The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by the prosecutor was favorable to him and material to either guilt or punishment. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993); *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

Although petitioner generally alleges that the prosecutor failed to disclose evidence favorable to the defense, he does not further elaborate on this claim. In particular, petitioner fails to identify any evidence showing that he did not sexually assault the victim. Nor is there any indication that DNA samples exist, much less that such evidence would exonerate petitioner. His conclusory assertions are insufficient to establish a *Brady* violation. *See Hughes v. Johnson*, 191 F.3d 607, 629-30 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1003 (2000) (speculative and conclusory allegation that prosecutor withheld exculpatory evidence will not support claim for habeas relief).

D.

Petitioner further alleges that his confession was the result of coercion and made under extreme duress in violation of his Fifth Amendment privilege against self-incrimination. Prior to trial, defense counsel filed a motion to suppress the confession, wherein petitioner admitted that he rubbed the victim's vagina with his penis and that "it accidently went in." (St. Exh. 2). The court held a hearing outside the presence of the jury and heard testimony from two Rockwall police officers, Glenn Hill and Vickie Oldham. Both officers testified that petitioner was read his *Miranda* rights, never requested an attorney, did not ask to terminate the interview, and willingly wrote out his version of the facts. (SF-II at 124-70). Hill and Oldham said they never coerced petitioner or promised him anything in exchange for his statement. (*Id.* at 131, 156-57). While petitioner did not deny that he was read his *Miranda* rights and never asked for a lawyer, he testified that the statement he gave to the police was not his version of what happened. (*Id.* at 172-73). Petitioner said that he merely wrote down what he was told by the officers. (*Id.*).

At the conclusion of the hearing, the trial court denied petitioner's motion to suppress. (*Id.* at 178). The Texas Court of Criminal Appeals rejected this claim on state collateral review, implicitly finding that petitioner's confession was not obtained as a result of coercion, duress, or in violation of his Fifth Amendment privilege against self-incrimination. That determination is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Other than his own conclusory and self-serving assertions, petitioner offers nothing to rebut that finding. This ground for relief is without merit and should be overruled.

E.

Finally, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) failed to represent him to the best of his ability; (2) did not "seek out" evidence to refute the accusations against him; (3) failed to "bring to light" conflicting statements made by the victim; and (4) did not request DNA testing or a medical examination of the victim.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.*, 104 S.Ct. at 2067. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

2.

Most of petitioner's ineffective assistance of counsel claims are wholly conclusory in nature. Although petitioner alleges that his attorney failed to represent him to the best of his ability, he does not explain, much less prove, how the performance of counsel was deficient or how he was prejudiced thereby. Nor does petitioner identify the evidence that should have been discovered by

his attorney or any conflicting statements made by the victim.[1] These vague, conclusory, and self-serving allegations do not merit habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 523 (N.D. Tex. 2001) (citing cases), *COA denied*, No. 01-11404 (5th Cir. Mar. 14, 2002) (conclusory statements are insufficient to establish ineffective assistance of counsel).

3.

The only aspect of petitioner's ineffective assistance of counsel claim that warrants any discussion involves the failure to request DNA testing or a medical examination of the victim. At trial, the victim, who was 16 years old at the time of the offense, testified that petitioner touched her with his penis and that there was "a little" penetration. (*See* SF-III at 15, 29). Petitioner admitted that he rubbed the victim's vagina with his penis and that "it accidently went in." (St. Exh. 2). This evidence, standing alone, was more than sufficient to support petitioner's conviction for sexual assault of a child. Even if counsel had requested DNA testing and a medical examination of the victim, petitioner has failed to show that the results of those tests would have affected the outcome of the trial. *See Sanchez v. Quarterman*, No. 3-06-CV-1547-R, 2007 WL 1964176 at *3 (N.D. Tex. Jul. 5, 2007), *appeal dism'd*, No. 07-10812 (5th Cir. Jul. 29, 2008) (petitioner was not prejudiced by counsel's failure to request further testing of forensic evidence where rape victim identified petitioner as her assailant and there was no evidence that the sex act was completed, thereby making the results of DNA testing inconclusive).

---

[1] In his reply brief, petitioner elaborates on this claim by identifying the conflicting statements made by the victim. According to petitioner, the victim first said that she thought petitioner had touched her with *her* hand, but later testified it was probably "a different part" of *his* body. The victim also initially denied that there was any penetration, but later said petitioner's penis was inside her "not a lot, but a little." (*See* Pet. Reply at 2). Because these facts were not presented to or considered by the state habeas court, they are unexhausted and procedurally barred from federal habeas review. *See Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (exhaustion requirement is not satisfied if petitioner presents new legal theories or factual claims in his federal writ).

To the extent petitioner contends that his attorney was ineffective for failing to "highlight" the absence of DNA evidence, which is inconsistent with the argument that counsel should have requested DNA testing, that claim is refuted by the record. During closing argument, defense counsel told the jury:

> There has been no evidence [ ] at all regarding DNA. I believe [the victim] testified that she saw a doctor a week later. There's been no medical records here for y'all to look at, none whatsoever.

(SF-III at 177). It is clear that counsel directed the jury to the lack of physical evidence connecting petitioner to the alleged offense. This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE